## MOSES B. PERINE agt. EDWARD BLACKFORD.

Where a general demurrer to plaintiff's declaration is served in time, and the plaintiff's attorney disregards it, for the reason that the defendant had promised to pay the demand, and threatened plaintiff to keep him out of it a longer time than he asked to pay it in, if he sued it, and that it was a trick and effort for delay, on the part of the defendant, and goes on and enters default and perfects judgment; such proceedings will be set aside, with costs; the demurrer being regularly served, the reasons are not sufficient to warrant plaintiff in treating it as a nullity.

*April Term,* 1846.

MOTION by defendant to set aside default and subsequent proceedings.

On the 11th of February, 1846, defendant was served with declaration in this suit. On the 2d day of March, a demurrer to plaintiff's declaration was duly served on plaintiff's attorney by mail, together with notice of retainer from defendant's attorney. On the 9th of March, defendant's attorney received a letter from plaintiff's attorney (postage unpaid), saying, "I decline receiving the copy demurrer in this cause, and have entered default, &c., therein. I will return the copy demurrer to you if you wish." On the 5th of March, plaintiff's attorney entered default and perfected judgment.

Plaintiff's counsel insisted they had a right to disregard the demurrer, for the reason that it was solely an effort for delay, and a trick to keep plaintiff out of his demand, and came within the decision in 4 *Hill;* they had shown defendant's admissions to pay the note upon which the suit was brought, and his threats made at the same time, that, if plaintiff sued it, he (defendant) would keep him out of it a longer time than what he asked to pay it in.

Methodist Episcopal Church in the village of Little Falls a₂e. Tryon.

H. H. MARTIN, *defendant's counsel.*
J. S. BOSWORTH, *defendant's attorney.*
E. H. ROSEKRANS, *plaintiff's counsel.*
M. W. PERINE, *plaintiff's attorney.*

BEARDSLEY, Justice. The demurrer must be held regularly served, the only question is, whether the acts of the defendant were such that it made it made it a nullity, he thought not.

Motion granted with costs.